Case 1:21-cr-20346-JEM   Document 1   Entered on FLSD Docket 06/14/2021   Page 1 of 13

FILED by ___KS___ D.C.

Jun 10, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## 21-20346-CR-MARTINEZ/BECERRA

CASE NO._____

18 U.S.C. § 371
18 U.S.C. § 1960(a)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

FRANCY BEDOYA,
RONALD VIDAURRE,
SOFITEL TRADING CORP., and
VIBE ENTERPRISE, INC.,

  **Defendants.**
_____/

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

1. Pursuant to Title 18, United States Code, Section 1960(b)(2), the term "money transmitting" includes transferring funds on behalf of the public by any and all means, including, but not limited to, transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier.

2. Title 18, United States Code, Section 1960(b)(1)(A) requires money transmitting businesses which affect interstate or foreign commerce in any manner or degree to possess an appropriate money transmitting license from the State in which they operate.

3. At all times relevant to this Indictment, money transmitters in the State of Florida were required to register under Florida law, and operating a money transmitting business without authorization is punishable as a felony under Florida law.

4. Defendant **SOFITEL TRADING CORP.** is a corporation formed under the laws of Florida and having its principle place of business in Doral, in the Southern District of Florida.

5. Defendant **VIBE ENTERPRISE, INC.** is a corporation formed under the laws of Florida and having its principle place of business in Doral, in the Southern District of Florida.

6. **RONALD VIDAURRE,** at all times relevant to this Indictment, was the president and only director of **SOFITEL TRADING CORP.** and of **VIBE ENTERPRISE, INC.**

7. At all times relevant to this Indictment, defendants **FRANCY BEDOYA** and **RONALD VIDAURRE** were the only persons with signature authority over the bank accounts of defendants **SOFITEL TRADING CORP** and **VIBE ENTERPRISE, INC.**

8. At no time relevant to this Indictment did **FRANCY BEDOYA, RONALD VIDAURRE, SOFITEL TRADING CORP.,** or **VIBE ENTERPRISE, INC.** register with the State of Florida or obtain a license from the State of Florida to operate a money transmitting business.

<u>**COUNT 1**</u>
**Conspiracy to Operate an Unlicensed Money Transmitting Business**
**(18 U.S.C. § 371)**

1. Paragraphs 1 through 8 of the General Allegations of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. Beginning in or about August 2016, and continuing until on or about the date of this Indictment, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**FRANCY BEDOYA,
RONALD VIDAURRE,
SOFITEL TRADING CORP., and
VIBE ENTERPRISE, INC.**

knowingly and willfully combined, conspired and agreed with each other and with others known and unknown to the grand jury to commit an offense against the United States, that is, to conduct, control, manage, and own an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960(a).

### PURPOSE OF THE CONSPIRACY

3.    It was the purpose of the conspiracy for the defendants and their co-conspirators to transfer funds from Mexico into the United States, to further transfer those funds within the United States, and to transfer the value of the funds from the United States to Colombia, without the scrutiny and controls imposed on transfers of funds through lawful financial institutions and licensed money transmitters. Most of the money received by the defendants was transmitted by them to cellphone wholesalers for the purchase of cellphones which the defendants exported to Colombia.

### MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose and object of the conspiracy, included, among other things, the following:

4.    Defendants **FRANCY BEDOYA** and **RONALD VIDAURRE** opened accounts at various financial institutions in the United States, in the names of defendant **SOFITEL TRADING CORP.**, defendant **VIBE ENTERPRISE, INC.**, and Skyline World Group, Inc., and during all times relevant to this Indictment maintained sole signatory authority over those accounts. The purpose of the accounts was to receive funds from members of the conspiracy in Mexico, Hong Kong, Dominican Republic, and places in the United States and other countries,

3

then to wire-transfer the funds to cellphone suppliers to purchase cellphones which they exported to Colombia, for the purpose of transferring funds and the equivalent from Mexico and other places, through the United States, to Colombia. The conspirators providing the funds received nothing from the defendants in return for the money they sent, and the recipients of the cellphones in Colombia paid nothing to the defendants for them.

5. By these means, during the time period of the conspiracy, the defendants received more than $145 million in wire transfers, primarily from entities in Mexico, the United States, Hong Kong, and the Dominican Republic, and exported more than $110 million in merchandise to recipients in Colombia.

## OVERT ACTS

In furtherance of the conspiracy and in order to achieve its objectives, at least one of the conspirators committed at least one of the following overt acts in the Southern District of Florida:

1. On or about August 29, 2016, defendant **RONALD VIDAURRE** incorporated defendant **SOFITEL TRADING CORP.** as a for-profit Florida corporation with its place of business in Doral, Florida.

2. On or about September 20, 2016, defendants **RONALD VIDAURRE** and **SOFITEL TRADING CORP.** opened an account at the Bank of America.

3. On or about August 9, 2017, defendants **FRANCY BEDOYA, RONALD VIDAURRE,** and **SOFITEL TRADING CORP.** received approximately $32,110, obtained through structured cash deposits, from Kosher Luxus, Inc. in New York.

4. Between about July 6 and July 16, 2018, defendants **FRANCY BEDOYA, RONALD VIDAURRE,** and **SOFITEL TRADING CORP.** opened an account at the First Bank of Puerto Rico.

5. On or about January 30, 2018, defendants **FRANCY BEDOYA, RONALD VIDAURRE,** and **SOFITEL TRADING CORP.** received a wire transfer of $100,000 from Importadora y Exportadora de Lujo, S.A. de C.V., a company in Mexico.

6. On or about January 30, 2018, defendants **RONALD VIDAURRE** and **SOFITEL TRADING CORP.** exported $96,600 worth of cellphones to Customs Group S.A.S. in Bogota, Colombia.

7. On or about July 13, 2018, defendants **RONALD VIDAURRE** and **SOFITEL TRADING CORP.** received wire transfers totaling $250,000 from "Gemines Metal y Pinturas S.A. de C.V." in Mexico.

8. On or about July 13, 2018, defendants **RONALD VIDAURRE** and **SOFITEL TRADING CORP.** exported $224,520 worth of cellphones to "Open Business Colombia," in Bogota, Colombia.

9. On or about July 27, 2018, defendants **FRANCY BEDOYA, RONALD VIDAURRE** and **SOFITEL TRADING CORP.** received a wire transfer of $95,428 from Comercializadora Giverola in Mexico.

10. On or about July 28, 2018, defendants **RONALD VIDAURRE** and **SOFITEL TRADING CORP.** exported $93,480 worth of cellphones to Importadora y Exportadora de I. in Bogota, Colombia.

11. On or about October 9, 2018, defendants **RONALD VIDAURRE** and **SOFITEL TRADING CORP.** received a wire transfer of $66,000 from Grupo Consultor Empresarial Cime S.A. Temistocles in Mexico.

12. On or about October 9, 2018, defendants **RONALD VIDAURRE** and **SOFITEL TRADING CORP.** wire transferred $65,660 to Vitel Mobile, a cellphone supplier in the United States.

13. On or about October 11, 2018, defendants **RONALD VIDAURRE** and **SOFITEL TRADING CORP.** exported $62,880 worth of cellphones to Importadora y Exportadora de I. in Bogota, Colombia.

14. On or about October 23, 2018, defendant **RONALD VIDAURRE** incorporated defendant **VIBE INC.** as a for-profit Florida corporation with its place of business in Doral, Florida.

15. On or about September 30, 2019, defendants **RONALD VIDAURRE** and **SOFITEL TRADING CORP.** opened an account at First Tennessee Bank.

16. On or about July 30, 2020, defendants **RONALD VIDAURRE** and **VIBE ENTERPRISE, INC.** received a wire transfer of $301,801 from Gentek LLC in Connecticut.

17. On or about July 30, 2020, defendants **RONALD VIDAURRE** and **VIBE ENTERPRISE, INC.** wire transferred $348,500 to defendant **SOFITEL TRADING CORP.**

18. On or about August 2, 2020, defendants **RONALD VIDAURRE** and **SOFITEL TRADING CORP.** exported approximately $294,430 worth of cellphones to Comercializadora Ranger SAS in Colombia.

19. On or about August 24, 2020, defendant **FRANCY BEDOYA** incorporated Skyline World Group, Inc. as a for-profit Florida corporation with its place of business in Doral, Florida.

20. On or about October 8, 2020, defendants **FRANCY BEDOYA** and **RONALD VIDAURRE** opened two bank accounts at BankUnited in the name of Skyline World Group, Inc.

21. On or about November 3, 2020, defendants **FRANCY BEDOYA** and **RONALD VIDAURRE** received two wire transfers into an account of Skyline World Group totaling $137,732 from Glasgow Home Appliances de C.V. in Mexico.

22. On or about November 4, 2020, defendants **FRANCY BEDOYA** and **RONALD VIDAURRE** sent three wire transfers totaling $137,510 from the account of Skyline World Group to defendants **SOFITEL TRADING CORP.** and **VIBE ENTERPRISE, INC.**

23. On or about January 15, 2021, defendants **FRANCY BEDOYA** and **RONALD VIDAURRE** received approximately $40,030 into an account of Skyline World Group, Inc., from Delmar and Delmar, Inc. in New York.

24. On or about January 15, 2021, defendants **FRANCY BEDOYA** and **RONALD VIDAURRE** wire transferred approximately $40,030 from Skyline World Group, Inc., to defendant **SOFITEL TRADING CORP.**

25. On or about January 22, 2021, defendants **FRANCY BEDOYA, RONALD VIDAURRE** and **SOFITEL TRADING CORP.** received a wire transfer of $130,000 from Sarkedrom Management LLC in Pennsylvania.

26. On or about January 29, 2021, defendants **RONALD VIDAURRE** and **SOFITEL TRADING CORP.** exported approximately $121,530 worth of cellphones to Business Celcol in Colombia.

27. During the month of January, 2021, defendants **FRANCY BEDOYA** and **RONALD VIDAURRE** received approximately $3,144,644 in wire transfers into the accounts they controlled in the names of defendants **SOFITEL TRADING CORP.** and **VIBE ENTERPRISE, INC.**, and of Skyline World Group, Inc.

28. During the month of January, 2021, defendants **FRANCY BEDOYA** and **RONALD VIDAURRE** exported approximately $1,210,319 worth of cellphones to Colombia through **SOFITEL TRADING CORP.** and **VIBE ENTERPRISE, INC.**

29. During the month of February, 2021, defendants **FRANCY BEDOYA** and **RONALD VIDAURRE** received approximately $2,909,989 in wire transfers into the accounts they controlled in the names of defendants **SOFITEL TRADING CORP.** and **VIBE ENTERPRISE, INC.**, and of Skyline World Group, Inc.

30. During the month of February, 2021, defendants **FRANCY BEDOYA** and **RONALD VIDAURRE** exported approximately $618,930 worth of cellphones to Colombia through **SOFITEL TRADING CORP.** and **VIBE ENTERPRISE, INC.**

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Conducting an Unlicensed Money Transmitting Business
### (18 U.S.C. § 1960)

1. Paragraphs 1 through 8 of the General Allegations of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. Beginning in or about August, 2016, and continuing until the date of the return of this Indictment, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**FRANCY BEDOYA,**
**RONALD VIDAURRE,**
**SOFITEL TRADING CORP., and**
**VIBE ENTERPRISE, INC.,**

knowingly conducted, controlled, managed and owned an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section 1960(b), by transferring funds within this country and to and from locations abroad, on behalf of the public by any and all means,

including wire transfers, which affected interstate and foreign commerce, and which was operated without an appropriate money transmitting business in a State, that is, Florida, where such operation is punishable as a felony, in violation of Title 18, United States Code, Section 1960(a) and (b)(1)(A).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein by reference for the purpose of alleging forfeiture to the United States of America of certain property in which any of the defendants, **FRANCY BEDOYA, RONALD VIDAURRE, SOFITEL TRADING CORP.**, and **VIBE ENTERPRISE, INC.** has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1960, as alleged in this Indictment the defendant shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3. Upon conviction of a violation of Title 18, United States Code, Section 1960, or conspiracy to commit such violation, as alleged in this Indictment, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

4. The property subject to forfeiture as a result of the offenses alleged in this Indictment include, but are not limited to:

   a. Account number 110412480 at First Bank of Puerto Rico held in the name of **SOFITEL TRADING CORP.**
   b. Account number 114012472 at First Bank of Puerto Rico held in the name of **SOFITEL TRADING CORP.**;
   c. Account number 9855186291 at Bank United held in the name of **SOFITEL TRADING CORP.**;
   d. Account number 7443220624 at Fifth & Third Bank held in the name of **VIBE ENTERPRISE, INC.**;

9

  e. Account number 7443220616 at Fifth & Third Bank held in the name of **VIBE ENTERPRISE, INC.**;

  f. Account number 009063868035 at First Citizens Bank held in the name of **VIBE ENTERPRISE, INC.**;

  g. Account number 009063868027 at First Citizens Bank held in the name of **VIBE ENTERPRISE, INC.**;

  h. Account number 9855209488 at BankUnited held in the name of Skyline World Group;

  i. Account number 9855209607 at BankUnited held in the name of Skyline World Group; and

  j. Account number 0306296378 at Regions Bank held in the name of Skyline World Group, Inc.

5. If any of the property described above, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been substantially diminished in value; or

  d. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

_____
FRANK H. TAMEN
ASSISTANT UNITED STATES ATTORNEY

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

FRANCY BEDOYA, et al.

_____ Defendants/

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)

☑ Miami   ☐ Key West   ☐ FTL
☐ WPB    ☐ FTP

New defendant(s)   ☐ Yes   ☑ No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect _____

4. This case will take **5** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    0 to 5 days       ☑
   II   6 to 10 days      ☐
   III  11 to 20 days     ☐
   IV   21 to 60 days     ☐
   V    61 days and over  ☐

   (Check only one)
   Petty        ☐
   Minor        ☐
   Misdemeanor  ☐
   Felony       ☑

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No) **No**

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

FRANK H. TAMEN
Assistant United States Attorney
FLA Bar No.    261289

*Penalty Sheet(s) attached

REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** FRANCY BEDOYA

**Case No:** _____

Count #: 1

Conspiracy to Conduct Unlicensed Money Transmitting Business

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five Years' Imprisonment

Count #: 2

Conducting Unlicensed Money Transmitting Business

Title 18, United States Code, Section 1960

**\*Max. Penalty:** Five Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** RONALD VIDAURRE

**Case No:** _____

Count #: 1

Conspiracy to Conduct Unlicensed Money Transmitting Business

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five Years' Imprisonment

Count #: 2

Conducting Unlicensed Money Transmitting Business

Title 18, United States Code, Section 1960

**\*Max. Penalty:** Five Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**